Filed 4/28/22  Greenberg v. Contra Costa Regional Medical Center CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GARY L. GREENBERG,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>CONTRA COSTA REGIONAL MEDICAL CENTER et al.,<br><br>　　　Defendants and Respondents. | A160728<br><br>(Contra Costa County<br>Super. Ct. No. C1801367) |

Through the services of a placement agency, Dr. Gary L. Greenberg, an anesthesiologist, was temporarily assigned to work at Contra Costa Regional Medical Center (CCRMC).  After three days on the job, his temporary assignment at CCRMC was terminated for unsatisfactory performance.  Greenberg sued CCRMC, the chief of its anesthesiology department, and the placement agency (Staff Care, Inc.) in connection with the termination.[1]  The defendants moved for summary judgment, which the trial court granted.  Greenberg now appeals, and we affirm.

---

[1] Greenberg named CCRMC as a defendant and Contra Costa County responded as Contra Costa County (erroneously sued as Contra Costa Regional Medical Center).  Because the parties use CCRMC interchangeably throughout their briefs, we will also do the same.

1

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Background Facts*

We start by focusing on the two contracts at issue in this appeal: Greenberg's contract with Staff Care; and Staff Care's contract with one of its hospital "clients," CCRMC. [2]

In 2011, Greenberg entered into a written Provider Service Agreement with Staff Care to provide professional services as an anesthesiologist to Staff Care's unnamed "clients" on a *"locum tenens"* or temporary assignment basis (the Greenberg/Staff Care Agreement).  Under the agreement, Staff Care "acts as an agent for Clients to arrange for professional services on a Locum Tenens basis," and Greenberg is an independent contractor and not an employee or agent of Staff Care.

The Greenberg/Staff Care Agreement has two specific provisions about termination that are relevant. First, the agreement provides that "Client, at its sole discretion, will have the right to terminate the services of [Greenberg] for any assignment if Client does not reasonably find the services of [Greenberg] to be appropriate . . . ."  (For purposes of this appeal, the "Client" is CCRMC.)

Second, the agreement states that Staff Care, in its sole discretion and without prior notice, may terminate its underlying agreement with Greenberg if "Staff Care Clients for whom [Greenberg] provides services request that [Greenberg] be removed for reasons alleged or actual, relating to competence or professional conduct."

The other contract at issue is Staff Care's 2017 contract with the

---

[2] We draw these facts from CCRMC and Staff Care's separate statements of undisputed facts filed in support of their motions for summary judgment, and Greenberg's responses.

County (the County/Staff Care Contract). This contract sets forth the terms and conditions regarding Staff Care's assignment of temporary physicians at CCRMC. Greenberg is not a party to the contract. In fact, the contract provides that "[n]othing in this Contract may be construed to create, and the parties do not intend to create, any rights in third parties." The contract further provides that "[i]n the event of unsatisfactory performance by any of [Staff Care's] locum tenens physicians as judged by the sole discretion of County's Health Services Director, or his designee, County may request replacement of such locum tenens physician . . . ."

In July 2017, Staff Care placed Greenberg on what was to be a three-month assignment at CCRMC; Greenberg began working there on September 13. On September 16, CCRMC informed Staff Care that it was terminating Greenberg's assignment. On this same day, Jeffrey Saadi, the chair of the anesthesiology department at CCRMC, sent an email to Staff Care that identified the reasons why Greenberg's assignment was being terminated. Among other things, Saadi wrote that Greenberg lacked "situational awareness in a critical situation;" lacked "visual acuity;" was not comfortable doing obstetric anesthesia; and lacked the required familiarity with the drugs used in obstetric anesthesia. In short, he was unable to respond appropriately to patients in critical situations.

Staff Care notified Greenberg that it had received an email from Saadi critical of Greenberg's competence and that CCRMC no longer wanted his services.[3] Staff Care conveyed some of Saadi's complaints to Greenberg

---

[3] Greenberg was paid for the three days he worked at CCRMC. Although Greenberg's assignment at CCRMC was terminated, Staff Care did not terminate its agreement with Greenberg and continued to notify Greenberg of other potential temporary assignments.

3

orally, and asked Greenberg to respond, which Greenberg did in a lengthy email. Greenberg contends that CCRMC's reasons for terminating his assignment were pretextual.[4]

B.    *Proceedings in the Trial Court*

Greenberg filed his initial complaint in this matter in July 2018 and the operative Second Amended Complaint (SAC) on March 4, 2019. The SAC alleged six causes of action; we address only the first and second causes of action for breach of contract that Greenberg raises on appeal.[5]

The first cause of action against CCRMC and Staff Care alleged that they breached the County/Staff Care Contract by terminating Greenberg's assignment despite his satisfactory performance. Greenberg alleged that Saadi and Staff Care "fabricated the complaints regarding [his] experience and performance as a pretext for terminating his assignment to avoid paying him the full value of his 14-week contract due to the scheduling error involving the closed operating room." Greenberg alleged that he is entitled to seek relief as a third-party beneficiary to the County/Staff Care Contract,

---

[4] Apparently, this was not the first time that Greenberg's temporary assignment had been terminated. Greenberg testified at deposition that in 2012, 2014, and 2017, he had temporary assignments at other hospitals and not involving Staff Care that were terminated for performance reasons.

[5] The trial court granted defendants' motions for summary judgment as to all six causes of action alleged in the Second Amended Complaint, and as to all defendants. On appeal, Greenberg challenges the trial court's judgment only as to the first and second causes of action. Therefore, our review is limited to these two causes of action as raised and supported in Greenberg's opening brief. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6.) Dr. Saadi, who was named as a defendant in the fourth cause of action for intentional interference with contract and the sixth cause of action for fraud, is not a party to this appeal, and Greenberg does not challenge the judgment entered in Saadi's favor. We do not discuss the causes of action against him.

4

even though he is not a named party.

The second cause of action alleged that Staff Care breached the Greenberg/Staff Care Agreement because CCRMC did not have a reasonable basis to find Greenberg's services inappropriate.

CCRMC and Staff Care filed motions for summary judgment or, in the alternative, summary adjudication. Staff Care argued that the first cause of action must be dismissed because Greenberg was not a third-party beneficiary to the County/Staff Care Contract, and that the second cause of action must be dismissed because Staff Care did not breach the Greenberg/Staff Care Agreement. CCRMC argued that Greenberg was not a third-party beneficiary to the County/Staff Care Contract, and that even if Greenberg was, CCRMC did not breach this contract as alleged in the first cause of action.

In his opposition to Staff Care's motion, Greenberg argued that there were triable issues of fact as to whether CCRMC's decision to terminate him was reasonable, and whether Staff Care's failure to investigate CCRMC's decision constituted a breach of the Greenberg/Staff Care Agreement. In his opposition to CCRMC's motion, Greenberg argued that he was a third-party beneficiary to the County/Staff Care Contract and that CCRMC breached its covenant of good faith and fair dealing when it terminated Greenberg's services.

After a hearing on both motions, the trial court granted summary judgment to CCRMC (and Saadi) and Staff Care. The trial court found that Greenberg was not a third-party beneficiary to the County/Staff Care Contract and thus could not sue for breach of that contract, and that Staff Care did not breach the Greenberg/Staff Care Agreement.

After the trial court entered judgments for defendants, Greenberg

5

timely appealed.

## DISCUSSION

A.   *Summary Judgment Standards*

Summary judgment is proper "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant seeking summary judgment "bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).)  A defendant meets this burden by showing that plaintiff "has not established, and cannot reasonably expect to establish" an essential element of his claim.  (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768 (*Saelzler*).)

We review a grant of summary judgment de novo, which means we "decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law." (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348.)  In deciding whether a material issue of fact exists for trial, we "consider all of the evidence set forth in the papers, except the evidence to which objections have been made and sustained by the court, and all inferences reasonably deducible from the evidence." (Code Civ. Proc., § 437c, subd. (c).)  We view the evidence in the light most favorable to the plaintiff, as the nonmoving party.  (*Saelzler, supra*, 25 Cal.4th at p. 768.)

B.   *Analysis*

1.   *First Cause of Action (Breach of the County/Staff Care Contract)*

Defendants moved for summary judgment on the first cause of action on the ground that Greenberg could not sue for breach of contract because he was not a party or a third-party beneficiary to the County/Staff Care

6

Contract. CCRMC further argued that even if Greenberg was a third-party beneficiary, this cause of action still fails because the undisputed facts establish that CCRMC did not breach the County/Staff Care Contract.

Greenberg cannot dispute that he is not a party to the County/Staff Care Contract but contends on appeal that a triable issue of fact exists as to whether he is a third-party beneficiary to the contract. Greenberg points to two provisions in the contract that he contends "manifestly benefit" third-party physicians. One provision gives CCRMC the right to request replacement of a temporary physician in the event of "unsatisfactory performance;" the other provision gives CCRMC the right to terminate the County/Staff Care contract altogether if Staff Care "fail[s] to perform properly any of its obligations" under the contract.[6]

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." (Civ. Code, § 1559.) "The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract." (*Johnson v. Holmes Tuttle Lincoln-Mercury, Inc.* (1958) 160 Cal.App.2d 290, 297.) It is not enough that a third party would incidentally benefit from performance of the contract. (*Souza v. Westlands Water Dist.* (2006) 135 Cal.App.4th 879, 891.) The court "must read the contract in light of the circumstances in which the parties entered into it" to determine whether a benefit to a third party is contemplated. (*Ibid.*)

---

[6] In his opening brief, Greenberg argues that this second provision benefits third-party physicians like him. We are at a loss to see how. The provision is specifically limited to Staff Care's failure to properly perform its obligations; it is unclear how this supports Greenberg's argument.

If the issue of whether one is a third-party beneficiary "can be answered by interpreting the contract as a whole and doing so in light of the uncontradicted evidence of the circumstances and negotiations of the parties in making the contract, the issue becomes one of law that we can resolve independently." (*Prouty v. Gores Technology Group* (2004) 121 Cal.App.4th 1225, 1233 (*Prouty*).)

Greenberg relies on *Prouty* to argue that the County/Staff Care Contract's explicit disclaimer regarding third-party beneficiaries is not dispositive where other provisions intentionally benefit physicians like Greenberg. In *Prouty,* the court found that despite a provision in a company buyout agreement that barred third-party claims, plaintiffs (former employees) were third-party beneficiaries as a matter of law and summary judgment was improperly granted. (*Prouty, supra,* 121 Cal.App.4th at p. 1236.) The buyout agreement contained a provision that guaranteed employees of the purchased company like plaintiffs a certain amount of severance pay upon termination. (*Id.* at pp. 1227-1228.) There was also evidence of the circumstances surrounding the negotiation of the agreement, including testimony from the former company's representative that this provision was expressly intended to protect and benefit employees like plaintiffs. (*Id.* at p. 1234.) Under the principles of contract interpretation, the court in *Prouty* concluded that where this specific provision was inconsistent with the general provision barring third-party claims, the specific provision was paramount. (*Id.* at p. 1235.)

Here, by contrast, we do not find that there was an intent to benefit physicians like Greenberg in the provisions of the County/Staff Care Contract. First, as we have noted, the contract includes a provision titled "No Third-Party Beneficiaries" that bars the creation of any rights in third

8

parties. This expressly evidences that the contract was not intended to benefit third parties.

Second, the purpose of the County/Staff Care Contract, by its terms, is for Staff Care to place temporary physicians at CCRMC in exchange for payment by CCRMC. To that end, the contract provides that CCRMC will pay the applicable billing rate to Staff Care for Staff Care's temporary physicians, according to a schedule, based on a physician's specialty. In certain circumstances, CCRMC pays Staff Care a recruitment fee. The contract requires that all temporary physicians placed at CCRMC be members of the County's medical staff and appropriately credentialed.

Greenberg argues that he is a third-party beneficiary on account of provisions of the contract that limit when CCRMC may refuse the services of a temporary physician. But these provisions confer a benefit or safeguard to CCRMC to request a replacement physician or terminate the contract with Staff Care altogether should Staff Care perform its obligations unsatisfactorily. We do not find that these provisions, read in context, are intended to create third-party beneficiary rights in physicians like Greenberg, nor has Greenberg come forward with any evidence that CCRMC or Staff Care intended otherwise when they negotiated and entered into the County/Staff Care Contract.

Third, we are not persuaded by Greenberg's argument that *Ochs v. PacifiCare of California* (2004) 115 Cal.App.4th 782 (*Ochs*) supports a finding that Greenberg is an intended third-party beneficiary. In *Ochs*, the court found that treating physicians with whom a health care services provider had no contractual relationship were "[g]enerally speaking" not third-party beneficiaries to a contract between a health care services provider and its enrollees, and the allegations were insufficient to withstand a demurrer. (*Id.*

9

at p. 795.) The court wrote that "under ordinary circumstances" the physicians were "incidental beneficiaries of a contractual agreement to pay for an enrollee's medical care," and because the complaint did not allege a "more specific agreement" that might support a third-party beneficiary theory, the demurrer was properly sustained without leave to amend. (*Id*. at pp.795-796.)

Greenberg argues that *Ochs* supports that he is a third-party beneficiary since he points to a specific clause concerning the termination of a doctor's temporary assignment. But as we have said, this specific provision is not sufficient to support that Greenberg was an intended third-party beneficiary. Nor has Greenberg come forward with any evidence of the circumstances and negotiations of the parties to the County/Staff Care Contract which would suggest otherwise. (Cf. *Prouty, supra,* 121 Cal.App.4th at p. 1234 ["[t]he uncontradicted facts of the amendment's negotiations also disclose Hewlett-Packard and GTG intended to benefit plaintiffs"].)

Because we conclude that Greenberg was not a party to the contract nor a third-party beneficiary, we do not reach the second issue raised by Greenberg that a triable issue of fact exists as to whether CCRMC breached the County/Staff Care Contract when it terminated Greenberg's temporary assignment based on allegedly pretextual reasons and without good faith.

2. *Second Cause of Action (Breach of the Greenberg/Staff Care Agreement)*

Staff Care moved for summary judgment on the second cause of action on the ground that it did not breach the Greenberg/Staff Care Agreement when it terminated Greenberg's assignment. Greenberg argues that a triable issue of fact exists as to whether Staff Care breached the implied covenant of good faith and fair dealing by terminating Greenberg's assignment without

10

first determining whether CCRMC had acted "reasonably" in finding Greenberg's professional services were not appropriate.

It is well settled that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." (Rest.2d Contracts, § 205.) However, the covenant of good faith cannot be read to imply terms that are inconsistent with the express terms of the contract. (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 374. (*Carma*).) In other words, the covenant cannot be read "to prohibit a party from doing that which is expressly permitted by the agreement." (*Ibid*.)

For example, our Supreme Court in *Carma* held that a landlord's termination of a tenant's lease did not violate the covenant of good faith, even though the landlord's sole motive was to realize a higher profit. This was because termination was expressly permitted under the lease and was a term that was within the contracting parties' reasonable expectations. (*Carma, supra,* 2 Cal.4th at p. 376.)

Here, the Greenberg/Staff Care Agreement provides that CCRMC, "at its sole discretion, will have the right to terminate the services of [Greenberg] for any assignment if [CCRMC] does not reasonably find the services of [Greenberg] to be appropriate. . . ."[7] Greenberg argues that Staff Care breached its duty of good faith when it terminated Greenberg's assignment without investigating whether CCRMC exercised its discretion to terminate Greenberg in good faith. In his opposition to Staff Care's motion for summary judgment, Greenberg argued that by agreeing to the language

---

[7] The Greenberg/Staff Care Agreement further provides that either Greenberg or Staff Care may terminate the agreement or an assignment with or without cause by giving the other party at least 30 days written notice.

11

quoted above, Staff Care "imposed an obligation on itself to review those decisions by retaining a medical review committee comprised of physicians." This argument did not fare well with the trial court, who found that Greenberg was "reading terms into the contract" not intended by the parties, and that there was no evidence that the parties intended Staff Care to set up a medical review committee to determine if every decision by a client to terminate an assignment is reasonable.

In his opening brief on appeal, however, Greenberg argues that "contrary to the trial court's order [granting summary judgment to Staff Care], [he] was not demanding a forensic investigation of CCRMC's veracity."[8] Greenberg then backpedals that he "was entitled to expect that Staff Care would take *some* step in good faith to assure that CCRMC was exercising its discretion in good faith." For whatever reason, he has changed his position on appeal from setting up a "medical review committee" to taking "*some* step."

Regardless, Greenberg's argument that the covenant of good faith required Staff Care to undertake an inquiry or investigation into CCRMC's decision is not supported by any express term in the agreement. It is inconsistent with an express term in the agreement that gives CCRMC the sole discretion to terminate Greenberg's assignment. It is further inconsistent with the parties' reasonable expectations under the agreement. Another provision of the agreement (§ 3.02(b)) provides Staff Care with the right to immediately terminate the agreement with Greenberg if CCRMC

---

[8] This is Greenberg's characterization of the trial court order. The order itself did not refer to a "forensic investigation of CCRMC's veracity;" it recited Greenberg's argument in his own words that he was entitled to a medical review committee.

12

requests that Greenberg "be removed for reasons alleged or actual, relating to competence or professional conduct." Given Staff Care's broad authority under section 3.02(b) to terminate Greenberg, it cannot have been within the parties' reasonable expectations that Staff Care would perform an investigation or inquiry into CCRMC's decision to terminate Greenberg's temporary assignment. In any event, Staff Care did undertake an inquiry when it reached out to Greenberg to inform him of complaints made by Saadi, and to ask for Greenberg's response, which Greenberg provided in a lengthy email.

Finally, Greenberg cites to *FEI Enterprises, Inc. v. Yoon* (2011) 194 Cal.App.4th 790, 800. In *FEI*, the court discussed that where a party has the power under a contract to make a purely subjective or discretionary decision, the decision must be made in good faith. (*Ibid.*) But the provision at issue in the Greenberg/Staff Care agreement did not grant Staff Care the power to terminate Greenberg's temporary assignment with CCRMC at its discretion; it referred to CCRMC's power to terminate the assignment if CCRMC did not reasonably find Greenberg's services to be appropriate. Under these circumstances, there was no subjective or discretionary decision for Staff Care to make once CCRMC decided to terminate Greenberg's services.

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

13

_____
Miller, J.

WE CONCUR:


_____
Richman, Acting P.J.


_____
Mayfield, J.[*]


A160728, *Greenberg v. Contra Costa Regional Medical Center et al.*

---

[*] Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14